IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02820-WYD-CBS

GARTH KOELLHOFFER, on behalf of himself and all similarly situated persons,

Plaintiffs,

v.

ELIZABETH PLOTKE-GIORDANI and LUIGI GIORDANI, both individuals, and I SCOPPIATI, INC., d/b/a Campo De Fiori Ristorante, a Colorado Corporation,

Defendants.

---

**DEFENDANTS' F.R.C.P. 56 MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Fed. R. Civ. P. 56, defendants Elizabeth Plotke-Giordani, Luigi Giordani and I Scoppiati, Inc., d/b/a Campo De Fiori Ristorante ("Defendants"), through undersigned counsel Snell & Wilmer L.L.P., respectfully submit this Motion for Summary Judgment on plaintiff's claims, stating as follows:

## I.   INTRODUCTION

In his First Amended Complaint, plaintiff Garth Koellhoffer ("Plaintiff"), a former server at a restaurant owed and operated by Defendants, alleges a single claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). While 28 U.S.C. § 1331 and section 216(b) of the FLSA provide federal and state courts with concurrent jurisdiction to hear claims arising under the FLSA, Plaintiff must first establish that the FLSA provides the Court with subject matter jurisdiction to hear his claim. See U.S. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). Because the FLSA applies only to employees who are "engaged in commerce," and because Plaintiff, a server in a local Vail, Colorado restaurant, did

not participate in the "channels of commerce," Plaintiff cannot maintain a claim under the FLSA and his complaint should be dismissed for lack of subject matter jurisdiction.

Moreover, because Defendants' "tip-pool" policy did not violate the provisions of the FLSA, Plaintiff has failed to state a claim under the FLSA and his claim should be dismissed as a matter of law. Both the United States Department of Labor and the Colorado Department of Labor and Employment have determined that Defendants' tip-pool policy complied with federal and state minimum wage regulations, expressly rejecting Plaintiff's claim. Based on these express determinations, Defendants acted with the understanding that their tip-pool policy in fact complied with the FLSA at all times during which Plaintiff was employed by Defendants. Consequently, even if the Court could find a violation of the FLSA, under no set of circumstances was such violation made knowingly, willfully or recklessly, and Plaintiff's claim should be dismissed as a matter of law.

## II.   MOVANT'S STATEMENT OF MATERIAL FACTS

1. Defendant I Scoppiati, Inc., d/b/a Campo De Fiori Ristorante, owns and operates an Italian food restaurant located in Vail, Colorado known as Campo De Fiori Ristorante. Affidavit of Elizabeth Plotke-Giordani ("Plotke-Giordani Affidavit"), attached as **Exhibit 1**, ¶ 3.

2. Defendants Elizabeth Plotke-Giordani and Luigi Giordani each own 47.5% of I Scoppiati, Inc., d/b/a Campo De Fiori Ristorante, with the remaining 5% interest owned by Simone Reatti. Plotke-Giordani Affidavit, ¶ 2.

3. Campo De Fiori Ristorante is a local restaurant serving local customers and visitors to Vail, Colorado. Plotke-Giordani Affidavit, ¶ 3.

4. Plaintiff was employed at Campo De Fiori Ristorante from approximately February 1, 2006 until April 19, 2010. Plotke-Giordani Affidavit, ¶ 4.

5. During the time that Plaintiff was employed at Campo De Fiori Ristorante, he worked as a server, with the exception of the 2006 winter season when he was employed as a bartender. Plotke-Giordani Affidavit, ¶ 4.

6. As a bartender at Campo De Fiori Ristorante, Plaintiff's job duties included: taking drink orders and serving customers drinks, restocking the bar area, inventorying drinks served from the bar area and informing managers and servers of out-of-stock or "86ed" items, cleaning the bar area, and assisting managers and hosts with answering the telephone and greeting guests. Plotke-Giordani Affidavit, ¶ 5.

7. As a server at Campo De Fiori Ristorante, Plaintiff's job duties included: setting tables, restocking service items and waiter stations, familiarizing himself with daily food specials and out of stock or "86ed" food items, greeting and seating customers, taking and placing customer food and drink orders, communicating with managers regarding table status, assisting food runners and table bussers, taking customer payment, and cleaning the dining room area. Plotke-Giordani Affidavit, ¶ 6.

8. It is the policy of Campo De Fiori Ristorante that all servers pool all tips received from customers at the end of each shift. Plotke-Giordani Affidavit, ¶ 7.

9. The tips are then distributed to all tip-pool participants according to a set formula provided by Campo De Fiori Ristorante. Plotke-Giordani Affidavit, ¶ 7.

10. The following Campo De Fiori employees participate in the tip-pool: servers, table bussers, food runners, bartenders and managers. Plotke-Giordani Affidavit, ¶ 7.

11. All employees who participate in the tip-pool, including managers, perform customer services such as seating customers, taking food and drink orders, delivering food, clearing plates and setting tables. Plotke-Giordani Affidavit, ¶ 9.

12. Each employee who participates in the tip pool regularly receives more than $30 a month in tips. Plotke-Giordani Affidavit, ¶ 11.

13. While Plaintiff worked as a bartender at Campo De Fiori Ristorante, he received tips from, but did not contribute tips to, the tip-pool. Plotke-Giordani Affidavit, ¶ 8.

14. While Plaintiff worked as a server at Campo De Fiori Ristorante, he contributed tips to the tip-pool and received a percentage of pooled tips back from the tip-pool at the end of each shift. Plotke-Giordani Affidavit, ¶ 8.

15. In 2002, Campo De Fiori Ristorante was randomly audited by the United States Department of Labor ("U.S. Department of Labor"). Plotke-Giordani Affidavit, ¶ 12.

16. During its audit, the U.S. Department of Labor examined Campo De Fiori Ristorante's tip-pooling policy and specifically examined the inclusion of the restaurant's managers in the tip-pool. Plotke-Giordani Affidavit, ¶ 13.

17. In the U.S. Department of Labor's "Disposition" of its investigation, it found that "the majority or the manager's time was actually being spent on the floor of the restaurant taking orders, seating customers, running food and helping to bus tables," that the restaurant's owner, Elizabeth Plotke-Giordani "micro-manages" the managers, and that "all major decisions must be passed by [Ms. Plotke-Giordani] and she is involved in all employee matters including hiring and firing." Plotke-Giordani Affidavit, ¶¶ 13-14.

18. Campo De Fiori Ristorante's managers do not make hiring and firing or compensation decisions, and these decisions are ultimately made by the restaurant's owners or executive chef. Plotke-Giordani Affidavit, ¶ 14.

19. Ultimately, the U.S. Department of Labor determined that Campo De Fiori Ristorante's tip-pooling policy did not violate the FLSA. Plotke-Giordani Affidavit, ¶ 13.

20. In April, 2010, Plaintiff filed a complaint with the Colorado Department of Labor and Employment – Division of Labor ("Colorado Division of Labor") claiming that Campo De Fiori Ristorante's tip-pooling policy violated Colorado Minimum Wage Order 26 because the restaurant allowed managers to participate in the tip-pool. Plotke-Giordani Affidavit, ¶ 16.

21. The "Claim Detail" from the Colorado Division of Labor's investigation of Plaintiff's claim references a U.S. Department of Labor 2002[1] audit of Campo De Fiori Ristorante's tip-pooling policy and finding that the restaurant's tip-pooling policy "was reviewed in 2004 [sic] both by the [U.S. Department of Labor] and [the Colorado Division of Labor] and everything appeared to be proper then." Plotke-Giordani Affidavit, ¶ 17.

22. On June 23, 2010, the Colorado Division of Labor issued a letter to Campo De Fiori Ristorante stating that "it appears that [Plaintiff] has been properly compensated in accordance with Colorado wage law," and that "no further action is contemplated by this office." Plotke-Giordani Affidavit, ¶ 18.

23. There were no changes in Campo De Fiori Ristorante's tip-pooling policy between 2002, when the restaurant was audited by the U.S. Department of Labor, and April 19, 2010, when Plaintiff's employment was terminated. Plotke-Giordani Affidavit, ¶ 15.

24. At all times from 2002 through present, Defendants have operated with the express understanding that their tip-pool complies with all applicable federal rules and regulations, including section 206 of the Fair Labor Standards Act. Plotke-Giordani Affidavit, ¶ 15.

---

[1] While the Colorado Division of Labor Claim Detail references a 2004 audit by the U.S. Department of Labor, this reference is in error as the U.S. Department of Labor conducted only one audit of Campo De Fiori Ristorante in 2002. Plotke-Giordani Affidavit, ¶ 18.

### III.     LEGAL STANDARD

Pursuant to F.R.C.P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As stated by the Supreme Court, '[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Burnett v. Dow Chemical Co., 849 F.2d 1269, 1273 (10th Cir. 1988), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  While there must be no genuine issue of material fact for a court to grant summary judgment in the moving party's favor, "'[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Id, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### IV.     ARGUMENT

#### A.     This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's FLSA Claim Because Plaintiff Was Not "Engaged in Commerce"

For the FLSA to apply to Plaintiff, he must establish that the Court has subject matter jurisdiction over his claim. See U.S. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999) ("If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence"); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (holding that the plaintiff bears the burden of proving that subject matter jurisdiction exists in the federal court).  To meet this burden, Plaintiff must prove that he was "engaged in commerce" within the meaning of the statute. 29 U.S.C.S. § 206.  Because the restaurant where Plaintiff was employed was a local restaurant serving Colorado residents and visitors to the State of Colorado, and because Plaintiff was not engaged in the "channels of commerce" in either his

bartending or serving duties, the FLSA does not apply to Plaintiff's claims and this Court does not have subject matter jurisdiction over this dispute.

In his Complaint, Plaintiff alleges a single claim for relief under the FLSA. Specifically, Plaintiff maintains that Defendants' tip-pooling policy violated section 206 of the FLSA (the minimum wage provision) because Defendants allowed employees who did not customarily and regularly receive tips to participate in the tip-pool. In an effort to establish jurisdiction under the FLSA, Plaintiff alleges that "while employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA." First Amended Complaint, ¶ 18. Section 206 of the FLSA provides, in pertinent part, as follows: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: … ."

Section 203(s)(1)(A) defines an "enterprise engaged in commerce" as an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of taxes at the retail level that are separately stated). (emphasis added).

While Defendants do not dispute that they meet the second prong of section 203(s)(1)(A) pertaining to annual gross volume of sales, they do dispute that Plaintiff was an employee "engaged in commerce." Although no Colorado court has considered whether a server in a local restaurant is an employee "engaged in commerce" within the meaning of the FLSA, the United States District Court for the District of Maryland considered this precise issue in Russell v. Continental Restaurant, Inc., 430 F.Supp. 2d 521 (S.D. Md. 2006). The plaintiff in Russell claimed that her employer, a restaurant located in Montgomery County, Maryland, violated

section 206 of the FLSA by failing to pay her the appropriate minimum wage. Russell, 430 F. Supp. 2d at 533-523. In determining whether the court had subject matter jurisdiction under the FLSA to hear Plaintiff's claim, the court considered whether the plaintiff was an employee "engaged in commerce" as defined by section 203(s)(1)(A) of the FLSA. Id. at 524.

In analyzing whether a server at a local restaurant was "engaged in commerce," the court held that "the definitive test is not whether the employee's tasks have some remote effect on interstate commerce, but whether the employee participated in the channels of commerce." Id. at 525. The court was unpersuaded that the plaintiff "engaged in commerce" when she "communicat[ed] across state lines with respect to vendors, customers and credit card payments," "handl[ed] goods which were 'moved in interstate commerce,'" or interacted with customers from other states. Id. Instead, the court held that "while serving out-of-state patrons may 'affect' commerce, this activity does not reflect that Plaintiff was employed in the 'channels of commerce.'" Id. Noting that the court could not "find a single case that holds that a waitress at a local restaurant serving an out-of-state resident engages in interstate commerce," the court ultimately held that the plaintiff could not establish subject matter jurisdiction under the FLSA and dismissed plaintiff's claim. Id. at 526-527.

Here, like in Russell, Plaintiff was a bartender and server in a local restaurant located in Vail, Colorado. Plotke-Giordani Affidavit, ¶¶ 3-4. While Plaintiff certainly waited on out-of-state patrons while employed at Defendants' restaurant, this fact alone is insufficient to establish that Plaintiff was engaged in interstate commerce. Russell, 430 F. Supp. 2d at 525. Nor does the fact that Plaintiff handled products that may have had out-of-state origins establish that Plaintiff was regularly engaged in commerce. Id at 526. Interstate communications were not a regular part of Plaintiff's duties, nor did Plaintiff distribute products through interstate lines. Id. at 526-

527; Plotke-Giordani Affidavit, ¶¶ 5-6. Because Plaintiff cannot meet his burden of establishing that he was engaged in commerce pursuant to 29 U.S.C.S. §§ 203 or 206, this Court does not have subject matter jurisdiction to hear Plaintiff's claim and should dismiss Plaintiff's claims accordingly.

### B. Defendants' Tip-Pool Policy Complies With the FLSA

Even assuming Plaintiff can meet his burden of proving that the Court has subject matter jurisdiction over his FLSA claim, Plaintiff cannot prove that Defendants' tip-pool policy violated the FLSA. Under the FLSA, employers are required to pay covered employees the equivalent of the legally recognized minimum wage. 29 U.S.C.S. § 206(a). With respect to "tipped" employees, such as servers in a restaurant, the employer may offset, or take a "tip credit" against, the minimum wage amount with tips received by the employee. 29 U.S.C.S. § 203(m). While the employer must still pay the employee a cash wage of at least $2.13 per hour, the employer may make up the difference between the cash wage and the federal minimum wage by applying the employees tips to the minimum wage amount owed to the employee. 29 U.S.C.S. § 206(a)(1).

The FLSA expressly permits "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C.S. § 203(m). Subsection 203(t) defines "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." Because the language in subsection 203(t) is broader than the language in 203(m), an employee who satisfies the requirements of section 203(t) "necessarily fulfills the subsection 203(m) requirements as well." Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294, 301 (6th Cir. 1998). A tip-pool that permits an "employer" to retain any portion of the tips is invalid. 29 U.S.C.S. § 203(m). Subsection 203(d) defines an "employer" as

9

"any person acting directly or indirectly in the interest of an employer in relation to an employee … ." In determining who is an "employer" as defined in subsection 203(d), courts will consider "factors such as the control of hiring and firing of employees, control of the matter in which work is performed, and the fixing of employee wages." Dole v. Continental Cuisine, Inc., 751 F. Supp. 799, 802 (E.D. Ark. 1990).

Here, Plaintiff alleges that Defendants' tip-pool policy violated section 206 of the FLSA because Defendants allowed managers to collect tips from the tip pool. While no Colorado court has considered this issue, in Dole v. Continental Cuisine, Inc., 751 F. Supp. at 803, the United States District Court for the Eastern District of Arkansas, Western Division, held that a restaurant that permitted a maitre d' to participate in an employee tip pool did not violate the FLSA because the maitre d' was not an "employer" within the meaning of 29 U.S.C. § 203(d). In determining that the maitre d' was not an "employer," the court considered whether the maitre d' hired and fired employees, controlled the restaurant's operations, set hourly wages, or controlled payroll. Dole, 751 F. Supp. at 803. Because the maitre d' assumed none of these roles, and because he regularly and customarily received tips, the court held that his participation in the tip-pool did not violate section 206 of the FLSA. Id.

Like the maitre d' in Dole, the managers who participate in Campo De Fiori Ristorante's tip-pool do not hire or fire employees, control restaurant operations, set employee wages or manage payroll. Plotke-Giordani Affidavit, ¶ 13. Instead, these duties are assumed by Campo De Fiori Ristorante's owners and executive chef. Plotke-Giordani Affidavit, ¶¶ 13-14. While managers may be involved in the hiring and firing process, all hiring and firing decisions are ultimately made by the restaurant's owners or executive chef. Plotke-Giordani Affidavit, ¶¶ 13-14. Managers serve important customer service functions during every shift, including greeting

and seating customers, taking and delivering food and drink orders, and setting and clearing tables. Plotke-Giordani Affidavit, ¶ 9. Because managers serve these customer service functions, and because all employees work together to fulfill customer service responsibilities, the restaurant does not need to employ a separate host and is able to function with fewer employees during any given shift. Plotke-Giordani Affidavit, ¶ 10. Managers are properly included in the restaurant's tip-pool, and regularly receive more than $30 a month in tips. Plotke-Giordani Affidavit, ¶¶ 9-11.

While Dole provides sufficient support for this Court to find, as a matter of law, that Defendants' tip-pool policy complied with section 206 of the FLSA, because the U.S. Department of Labor previously determined that Defendants' tip-pool policy was compliant, the Court need not undertake this analysis. Tierdael Constr. Co. v. OSHRC, 340 F.3d 1110, 1114 (10th Cir. 2003) ("'When the meaning of a regulatory provision is clear on its face, the regulation must be enforced in accordance with its plain meaning.' If the regulation is ambiguous, this court must give substantial deference to the agency's interpretation of the regulation."), quoting Walker Stone Co., Inc. v. Sec'y of Labor, 156 F.3d 1076, 1080 (10th Cir. 1998). In 2002, the U.S. Department of Labor investigated Defendants' tip-pool policy and found Defendants' policy to be in compliance with the FLSA. Plotke-Giordani Affidavit, ¶ 13. In so finding, the U.S. Department of Labor considered the managers' job duties, coupled with the owners' roles and responsibilities, and determined that the managers' participation in the employee tip-pool did not violate the FLSA. Plotke-Giordani Affidavit, ¶ 13. After conducting an independent investigation of Defendants' tip-pool policy and Plaintiff's claim that the tip-pool violated Colorado wage law, the Colorado Division of Labor also found that Defendants' tip-pool policy was in compliance with both federal and state wage law. Plotke-Giordani Affidavit, ¶¶ 17-18.

Assuming any ambiguity exists in section 206 of the FLSA, this Court should give deference to the U.S. Department of Labor and Colorado Division of Labor's findings and likewise conclude that Defendants' tip-pool policy did not violate the FLSA. Tierdael Constr. Co., 340 F.3d at 1114 (10th Cir. 2003); Walker Stone Co., Inc., 156 F.3d at 1080.

### C. Defendants did not Knowingly, Willfully or Recklessly Violate the FLSA

In his First Amended Complaint, Plaintiff alleges that Defendants knowingly, willfully and recklessly violated the FLSA. First Amended Complaint, ¶ 19. For the reasons set forth, above, Defendants maintain that they did not violate the FLSA, let alone knowingly, willfully or recklessly violate the FLSA. Assuming this Court could determine that Defendants' tip-pool policy did, in fact, violate the FLSA, because Defendants were at all relevant times abiding by the U.S. Department of Labor and the Colorado Division of Labor's findings that their tip-pool policy complied with federal and state laws, any such violation falls far short of a knowing, willful or reckless violation as a matter of law.

The standard for determining whether a violation of the FLSA is willful, knowing or reckless "is whether the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" Reich v. Montfort, Inc., 144 F.3d 1329, 1334 (10th Cir. 1998), quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Here, Plaintiff simply cannot maintain a claim that Defendants knew or showed reckless disregard for whether their tip-pool policy violated the FLSA when the U.S. Department of Labor and the Colorado Division of Labor expressly found that it did not. To the contrary, at all times since the U.S. Department of Labor's 2002 investigation, Defendants acted with the understanding that their tip-pool policy complied with the FLSA. Plotke-Giordani

Affidavit, ¶ 15. Consequently, Plaintiff's claim that Defendants knowingly, willfully or recklessly violated the FLSA should be dismissed as a matter of law.

## V.   CONCLUSION

Because the FLSA does not grant the Court subject matter jurisdiction to hear Plaintiff's claim, and, alternatively, because Defendants complied with the FLSA during all times that Plaintiff was employed at Defendants' restaurant, Defendants respectfully request this Court to enter an Order granting Defendants summary judgment on Plaintiff's single claim for relief for Violation of the Fair Labor Standards Act. At a minimum, Defendants request the Court to enter an order finding, as a matter of law, that Defendants did not knowingly, willfully or recklessly violate section 206 of the FLSA.

Dated this 12th day of August, 2011

>*s/ Christine McCallister Garrison*
>James D. Kilroy
>Christine McCallister Garrison
>Snell & Wilmer L.L.P.
>1200 17th Street, Suite 1900
>Denver, Colorado  80202
>Telephone:  303.634.2000
>FAX:  303.634.2020
>E-mail:  jkilroy@swlaw.com
>E-mail:  cgarrison@swlaw.com
>**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of August, 2011, a true and correct copy of the foregoing **DEFENDANTS' F.R.C.P. 56 MOTION FOR SUMMARY JUDGMENT** was filed and served on the following via the Federal Court's CM/ECF Filing System:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Ave, Suite 200
Fort Collins, Colorado 80524
Telephone:  970.212-4665
*Attorneys for Plaintiff*

                                           *s/ Danielle Garduno*
                                           Danielle Garduno

60153.0001\GARRISC\SWDMS\13528814