**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-02820-WYD-CBS

GARTH KOELLHOFFER, on behalf of himself and all similarly situated persons,

Plaintiffs,

v.

I SCOPPIATI, INC, d/b/a CAMPO DE FIORI RISTORANTE, ELIZABETH PLOTKE-GIORDANI and LUIGI GIORDANI,

Defendants.

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOCKET 46]**

---

Defendants I Scoppiati, Inc., Elizabeth Plotke-Giordani and Luigi Giordani ("Defendants"), through undersigned counsel, hereby submit this Reply Brief in Support of Defendants' Motion for Summary Judgment [Docket 46][1], stating as follows:

## I. PRACTICE STANDARD III(B) STATEMENT OF FACTS

### A. REPLY CONCERNING UNDISPUTED FACTS

Pursuant to this Court's Practice Standards, III(B)(6)(a), Defendants provide the following reply to the Statement of Material Facts from their Motion for Summary Judgment [Docket 46]:

17.     The language in the USDOL Disposition speaks for itself. Plaintiff does not, and cannot, dispute that the USDOL made the statements that are provided in quotations. Plaintiff has not challenged the authenticity or admissibility of the USDOL Disposition.

---

[1] Pursuant to Practice Standard III(B)(2)and II(E)(1) , Section I of this brief is not included within the ten page limitation requirement.

14030908.1

18.     In denying Defendants' statement that Campo De Fiori managers do not make hiring and firing decisions, and that those decisions are ultimately made by the restaurant owners or the executive chef, Plaintiff points to Plaintiff's declaration and the job description of Defendants' manager position.  As for the cited portions of Plaintiff's declaration, Defendants object pursuant to Fed.R.Civ.P. 56(c)(2) and move to strike paragraph 10 of the Koellhoffer declaration because the statements therein are self-serving, not based on personal knowledge, speculative and conclusory.  *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).  This is apparently why Plaintiff qualifies the statements in his declaration by use of the phrase "in my experience" (an experience Plaintiff does not attempt to define).  Affidavits that contain speculation of this type, without factual support, and statements in an affidavit prefaced by phrases such as "I believe" or those made upon an "understanding" are properly subject to a motion to strike.  *Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994).  As for the job description, it is simply not inconsistent with Defendants' statement of fact 18:  the job description merely refers to the managerial duty of hiring and firing employees "as needed", and whether the hiring or firing of an employee is "needed" is, indisputably, a decision made by the owners or the executive chef.

19.     The Plotke-Giordani Affidavit and the attached USDOL Disposition show that: (a) the USDOL conducted an investigation; (b) while the USDOL required some payments dealing with overtime issues, the USDOL did not cite to any violation of the tip pooling provisions of the FLSA; and, (c) the USDOL recommended administrative closure of the investigation.

24.     Plaintiff claims to dispute this fact, but the evidence he cites does not create a genuine dispute of material fact.  First, Plaintiff provides no evidence at all to dispute

2

14030908.1

Defendants' description of their own understanding that the tip pool complied with applicable law. Second, Plaintiff's insinuation that the USDOL investigator only relied on information supplied by Ms. Plotke-Giordani is unfounded and contradicted by the USDOL Disposition itself, in which the investigator states that she relied on interviews of present "employees" on cite at the restaurant in Vail.

**B.     RESPONSE CONCERNING DISPUTED FACTS**

Pursuant to this Court's Practice Standards, III(B)(6)(b), Defendants respond to Plaintiff's Statement of Additional Facts from his Response [Docket 60]:

1-5.    As will be discussed herein, Defendants are withdrawing their subject matter jurisdiction argument. [Docket 46, Section IV(A), pages 6-9.] Accordingly, for purposes of this Motion only, Defendants admit.

6.      Denied. Defendants object pursuant to Fed.R.Civ.P. 56(c)(2) and move to strike the cited statements in the Koellhoffer declaration in paragraphs 9 and 10 because the statements are self-serving, not based on personal knowledge, speculative and conclusory. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). This is apparently why Plaintiff qualifies the statements in his declaration by use of the phrase "in my experience" (an experience Plaintiff does not attempt to define). Affidavits that contain speculation of this type, without factual support, and statements in an affidavit prefaced by phrases such as "I believe" or those made upon an "understanding" are properly subject to a motion to strike. *Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994). In sum, those cited portions of the Koellhoffer declaration in which Plaintiff states or infer that managers had "responsibility" or authority to hire, fire and discipline employees should be stricken because Plaintiff, unlike the actual owners and manager of the restaurant, could not have personal knowledge of these self serving

3

conclusions. Defendants' owner, Elizabeth Plotke-Giordani, and the manager who Plaintiff identifies as hiring him "on the spot", Giuseppe Bosco, are individuals with actual personal knowledge on this topic, and both confirm that the owner instructed the manager to hire Plaintiff, and also that the owners made all hiring and firing decisions, which the manager would carry out. [Exh. 1, Plotke-Giordani Affidavit[2], ¶ 14; Exh. 2, Plotke-Giordani Supplemental Affidavit, ¶ 10; Exh. 3, Bosco Affidavit, ¶ 11-15.] The cited job description of the manager does not state otherwise, nor does it support Plaintiff's statement of fact.

7.  Denied. Defendants object pursuant to Fed.R.Civ.P. 56(c)(2) and move to strike the cited statements in the Koellhoffer declaration in paragraphs 9 and 10 because the statements are self-serving, not based on personal knowledge, speculative and conclusory. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Plaintiff could not have had personal knowledge of who was "in charge" of operations. [Exh. 2, Plotke-Giordani Supplemental Affidavit, ¶¶ 6-8; Exh. 3, Bosco Affidavit, ¶ 7.]

8.  Denied. Defendants object pursuant to Fed.R.Civ.P. 56(c)(2) and move to strike the cited statements in the Koellhoffer declaration in paragraphs 9 and 10 because the statements are self-serving, not based on personal knowledge, speculative and conclusory. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Plaintiff could not have knowledge of who was "responsible" for management. [Exh. 2, Plotke-Giordani Supplemental Affidavit, ¶¶ 6-8; Exh. 3, Bosco Affidavit ¶ 7.]

9.  Denied. Defendants incorporate their objections, comments and evidentiary citations from number 6 of this section above.

---

[2] Exhibit 1 was filed with Defendants' Motion for Summary Judgment [Docket 46]. Exhibits 2, 3, 4 and 5 are filed with this Reply in Support of Defendants' Motion for Summary Judgment.

4

10. Denied. Defendants incorporate their objections, comments and evidentiary citations from number 6 of this section above.

11. Denied. Defendants incorporate their objections, comments and evidentiary citations from numbers 7 and 8 of this section above.

12. Denied. Plaintiff carefully claims that <u>Defendants</u> did not notify him of their intent to take the tip credit against his minimum wages. Plaintiff does not, however, claim that he was unaware of the tip-pooling policy, and he avoids disclosing that he knew of the policy by virtue of his own preparation of tip-pooling paperwork. In addition, the State of Colorado requires the posting of certain information in the form of "Minimum Wage Order Posters", and Defendants always complied with this requirement. The posters that were posted at the workplace contained the very information that Plaintiff suggests he did not receive directly from Defendants. [Exh. 3, Bosco Affidavit, ¶ 18 ; Exh. 4, Trottnow Affidavit, ¶¶ 3-4 and Attachment A; Exh. 5, Hozzova Declaration, ¶¶ 1-4.]

## II.   **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### A.   **INTRODUCTION**

Plaintiff does not allege that he or anyone else failed to receive the minimum wage required by law while employed at the Campo De Fiori restaurant in Vail, Colorado. Rather, he claims that he should be reimbursed for a tip credit that he alleges was unlawfully deducted from his wages and used to tip out managers who were indisputably performing customer service functions. Plaintiff is wrong. Defendants run a small family restaurant, and the managers who participated in the tip pool, unlike managers at larger franchises, were actively engaged in essential customer service functions.

A careful review of the evidence submitted by the parties in connection with this Motion for Summary Judgment supports three critical conclusions.  First, based on what they actually did on the job, Defendants' managers were the type of employees who regularly and customarily receive tips, and Plaintiff does not even dispute this fact.  Second, as a matter of law, Defendants' managers were not "Employers" under the Fair Labor Standards Act ("FLSA"), and Plaintiff's only evidence in support of his claim to the contrary is a self serving declaration lacking personal knowledge.  Third, while Plaintiff carefully suggests that Defendants failed to notify him of the tip-pooling policy at issue, it is undisputed that Plaintiff had actual notice of the tip-pooling policy and how it worked.

**B.     ARGUMENT**

   **1.     Defendants Withdraw Their Subject Matter Jurisdiction Argument**

Defendants hereby withdraw their subject matter jurisdiction argument, which was the first substantive argument in their Motion for Summary Judgment.  [Docket 46, Section IV(A), pages 6-9.]

   **2.     Defendants' Tip Pooling Policy Complies with the FLSA**

The parties appear to agree on the basic structure of the relevant law.  To summarize, the FLSA requires "Employers" to pay a minimum wage.  29 U.S.C. § 206(b).  In determining the wage of a tipped employee, an Employer may take a "tip credit" against the amount required to be paid to such employees [29 U.S.C. § 203(m)] but all tips received by the employee must be retained by the employee.  28 U.S.C. § 203(m)(2).  The requirement than an employee must retain all his tips, however, does not prohibit the pooling of tips among employees who customarily and regularly receive tips.  28 U.S.C. § 203(m)(2).  The requirement does prohibit an

"Employer" under the FLSA from sharing in the tip pool. *See, e.g., Wright v. U-Let-Us-Skycap Servs., Inc.*, 648 F. Supp. 1216, 1217 (D. Colo. 1985).

Thus, when an individual is alleged to have improperly shared in a tip pool, there are two questions that must be addressed. First, is the individual an employee who "customarily and regularly receives tips"? Second, is the individual an "Employer" under the FLSA? In his Response in Opposition, Plaintiff mixes the analytically distinct inquiries, and the result is an appearance of a genuine dispute of material fact where none actually exists. A close review of the evidence and argument in the summary judgment papers reveals that: (a) Plaintiff does not dispute that Defendants' managers were the types of employees who "customarily and regularly receive tips"; and, (b) while Plaintiff contends that there are disputed issues of fact on the issue of whether the managers were "Employers" under the FLSA, Plaintiff does not actually introduce admissible evidence in support of this contention.

The case of *Rudy v. Consolidated Restaurant Companies, Inc.*, 2010 U.S. Dist. LEXIS 92764 (N. D. Tex. August 18, 2010) is highly instructive, both because of the virtually identical factual setting, and because of the way that summary judgment proceedings in that case progressed. In *Rudy*, the plaintiff, a restaurant server, sued the owners of the Silver Fox restaurant, claiming that the restaurant violated the FLSA by requiring servers to share tips with the maitre d's. The Magistrate Judge in *Rudy* first addressed the issue of whether maitre d's at the Silver Fox were the types of employees who customarily receive tips (referred to as "tipped employees") noting:

> Many courts suggest that an employee's level of customer interaction is the most significant factor in evaluating whether he qualifies as a tipped employee under the FLSA. *See Roussell v. Brinker Int'l, Inc.*, 2008 U.S. Dist. LEXIS 52568, 2008 WL 2714079 at *7, *10 (S.D. Tex. July 9, 2008)(agreeing with the Sixth Circuit that the level of customer interaction is "highly relevant" and that the extent of an

7

> employee's interaction with customers is "critical" in determining whether an employee may participate in a valid tip pool)(citing *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550 (6th Cir. 1999); *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 300-02 (6th Cir. 1998). *See also Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 652 (focusing on employees' customer-related activities to determine whether they were properly included in tip pool); *Townshend v. BG-Meridian, Inc.*, 2005 U.S. Dist. LEXIS 45200, 2005 WL 2978899, *7 (W.D. Okla. Nov. 7, 2005)(same).

*Id.* at *8.

In *Rudy,* the maitre d's at the Silver Fox engaged in customer interactions, helped servers with problems and wine service and generally did anything and everything to make the guest experience run efficiently and smoothly. Because the record was clear that the maitre d's were highly involved in customer interaction and satisfaction, the *Rudy* court concluded that the maitre d's should be considered "tipped employees" as a matter of law, unless they were statutorily precluded from sharing in the tip pool because they were Employers under the FLSA. *Id.* at *11.

On the issue of whether the maitre d's could be "Employers" under the FLSA, the *Rudy* court cited the "economic realities" test, which addresses whether the alleged Employer: (1) has the actual authority to hire and fire the employees; (2) supervises and controls employee work schedules or conditions of employment; (3) determines the rate and method of payment; and (4) maintains employment records. *Id., citing to Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). After noting that the maitre d's were referred to at the restaurants as "managers" (a fact the court determined to be not dispositive of anything), the *Rudy* court determined, as a matter of law, that the maitre d's were not "Employers", because they did not have authority to hire and fire, or any of the other functions described in the economic realities test. In conducting the economic realities analysis, the *Rudy* court expressly rejected certain self serving summary judgment affidavits in which servers speculated about the maitre d's hiring and firing authority,

8

ultimately determining that "no competent summary judgment evidence shows how the servers would have had any personal knowledge of the interaction, or lack thereof, between the maitre d's and proprietor/general manager regarding the hiring process or any other of the maitre d's actions." *Id.* at *20.  In sum, at the summary judgment stage the *Rudy* court found the maitre d's to be "tipped employees", and not Employers, and recommended summary judgment, which the district court granted.  *Rudy v. Consolidated Restaurant Companies, Inc.*, 2010 U.S. Dist. LEXIS 92764 (N.D. Tex., September 3, 2010).

In our case Defendants have demonstrated that the managers performed exactly the kind of customer service functions as the maitre d's (who were also actually called "managers") in the *Rudy* case and in the case of *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802 (E.D. Ark. 1990).  Notably, Plaintiff actually admits that Defendants' managers were, in fact, engaged in customer service functions when they participated in the tip pools.  [Docket 60, page 2, where Plaintiff admits Defendants' Material Fact 11.]  Plaintiff has not disputed, and cannot dispute, that Defendants' managers were the types of employees who regularly and customarily receive tips.

Instead, Plaintiff claims that Defendants were "Employers" under the FLSA, who improperly participated in the tip pool arrangement.  In determining whether an employee is an "Employer" for FLSA purposes, the Tenth Circuit, consistent with the *Rudy* court's approach, applies the same "economic reality" test that the *Rudy* court applied.  *See, e.g., Baker v. Flint Engineering and Construction Co.*, 137 F.3d 1436, 1440)(where the Tenth Circuit cited to the same case that the *Rudy* court did for the factors of this test:  *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

9

In Defendants' Motion for Summary Judgment, Defendants submitted evidence demonstrating that Defendants' managers did not have hiring and firing authority, or any other functions that would render them "Employers" under the FLSA. [Docket 46, Exh. 1, Plotke-Giordani Affidavit, ¶ 14.] In his Response, the only evidence that Plaintiff presents in support of his position that the managers are, in fact, Employers, is a single, self serving declaration that is clearly not based on personal knowledge. Plaintiff's sole evidence on this issue is exactly the kind of evidence that the *Rudy* court properly rejected. In sum, while Plaintiff may speculate that it was Giuseppe Bosco, Defendants' manager, who hired him and others, he has presented no competent evidence to show how he could possibly have personal knowledge of the interaction, or lack thereof, between Defendants' owners and managers on the topic of hiring – including his own.[3]

### 3. Plaintiff Had Actual Notice of the Tip Pooling Arrangement

In an effort to create a genuine dispute of material fact, Plaintiff states that "at no time did any of the Defendants notify me that they intended to take the tip credit against any minimum wage." [Koellhoffer Declaration, ¶ 11, attached to Plaintiff's Response in Opposition.] Plaintiff's effort is disingenuous. As Defendants explained in the discovery response that Plaintiff cites in his Response, "Plaintiff received a verbal explanation of the tip pooling policy during his orientation and training, and he received instructions and other information during each shift." [Plaintiffs' Response in Opposition, Exh. 2, Response to Request Number 11.]

---

[3] As it turns out, Plaintiff is wrong. The manager hired him only after obtaining permission from the owner. [Exh. 2, Bosco Affidavit, ¶ 14]. To be fair, Plaintiff's ignorance of this indisputable fact is understandable because he could not have known of the interaction between the manager and the owner. This is precisely why affidavits lacking personal knowledge and based on speculation do not provide competent evidence in summary judgment proceedings.

10

14030908.1

By carefully stating that none of the "Defendants" gave him the notice, Plaintiff is attempting to imply that he did not receive the notice at all. But he does not go that far. In fact, Koellhoffer's declaration is not at odds with Defendants' discovery response. In fact, Plaintiff received verbal notice during orientation and training, but the notice came from the manager, and not the named Defendants. [Exh. 3, Bosco Affidavit, ¶¶ 16-18.] In addition, Plaintiff was given "other information" on the tip pool arrangement, including actual tip pooling sheets that he filled out after shifts. [Exh. 3, Bosco Affidavit, ¶¶ 16-18.] Finally, unlike many other states, Colorado requires employers like Defendants to post labor and wage posters that contain the very information that Plaintiff hints (without actually saying) that he did not receive. Defendants at all times abided by the poster requirement. [ Exh. 4, Trottnow Affidavit; Exh. 3, Bosco Affidavit, ¶¶ 16-18; Exh. 5, Hozzova Declaration, ¶¶ 1-4.]

In light of this context, Plaintiff's careful wording in his declaration does not create a genuine dispute of material fact. As a matter of law, Defendants satisfied the FLSA notice requirement. *See Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 1306, 1310-12 (S.D. Fla. 2007)(finding, at the summary judgment stage, that the defendant had satisfied the notice requirement by hanging two signs that discussed the minimum wage laws in areas that its employees walked by daily and informing its employees that they would make only $2.15 plus tips); *see also Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998)(holding that the notice requirement does not literally require the employer to "explain" in detail the tip credit).

### 4. Defendants did not Knowingly, Willfully or Recklessly Violate the FLSA

As Defendants explained in their Motion for Summary Judgment [Docket 46, page 12-13], Defendants subjectively believed that their tip pooling policy was permissible. [Exh. 1,

11

Plotke-Giordani Affidavit, ¶¶ 12-18.] This belief was manifestly reasonable in light of the outcome of audits performed by the USDOL and the State of Colorado Division of Labor.

In his Response, Plaintiff attempts to create a genuine dispute of material fact by suggesting that there may be disputed facts on the issue of whether Defendants honestly and completely disclosed all relevant information to the authorities. Plaintiff's effort to create a genuine dispute of material fact fails for two reasons. First, Plaintiff's submission of what he calls "contradictory" evidence is, again, inadmissible because he has no personal knowledge of the topics he would like to contradict. Second, Plaintiff's implicit suggestion that the owner of Campo De Fiore misled the USDOL is belied by the USDOL Disposition itself, which clearly indicates that the federal investigator relied not only on information provided by the owner, but on interviews with "present employees" who were interviewed "on site at the restaurant in Vail." [Docket 46, Exh. 1, Plotke-Giordani Affidavit, Attachment C.]

In sum, Plaintiff urges the Court to ignore the indisputable fact that the very tip pooling arrangement that he is complaining about in this case was analyzed by state and federal authorities, neither of whom found any violations of law. But at a minimum, evidence of these investigations confirms that Defendants had very good reason to believe that their tip pooling arrangement was compliant with the FLSA, and Plaintiff has presented no competent evidence to suggest otherwise. As a matter of law, Defendants did not willfully, knowingly or recklessly violate the FLSA through their tip pooling policy, and at a minimum Defendants are entitled to summary judgment on this aspect of Plaintiff's claim.

### 5.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant full summary judgment on Plaintiff's single claim for relief. In the alternative, Defendants request

12

that the Court enter partial summary judgment and find that Defendants did not willfully, knowingly or recklessly violate the FLSA.

Dated this 23rd day of November, 2011

*s/James D. Kilroy*
James D. Kilroy
Christine McCallister Garrison
Snell & Wilmer L.L.P.
1200 17th Street, Suite 1900
Denver, Colorado  80202
Telephone:  303.634.2000
FAX:  303.634.2020
E-mail:  jkilroy@swlaw.com
E-mail:  cgarrison@swlaw.com
**Attorneys for Defendants**

14030908.1

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of November, 2011, a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was served on the following via ECF File & Serve:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Ave, Suite 200
Fort Collins, Colorado 80524
Telephone: 970.212-4665

                                                *s/Linda Ralph*
                                                for Snell & Wilmer L.L.P.

14030908.1